UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN THOMPSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON MUTUAL,<br><br>　　　　　Defendant. | Case No.: C 09-5385 PVT<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO EITHER THE WESTERN DISTRICT OF WASHINGTON OR THE DISTRICT OF COLUMBIA; AND**<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE** |

This case is currently scheduled for Case Management Conference on April 20, 2010. Having reviewed the file herein,

IT IS HEREBY ORDERED that, no later than May 5, 2010, Plaintiffs shall file a brief showing cause why this action should not be transferred to either the Western District of Washington or the District of Columbia. In responding to this order, Plaintiffs should also indicate whether they have a preference between those two districts in the event the court transfers the case.

IT IS FURTHER ORDERED that the Case Management Conference is CONTINUED to 2:00 p.m. on May 25, 2010.

**I.   BACKGROUND**

Plaintiffs originally filed suit against Washington Mutual in the Superior Court of California,

County of Monterey, based on their claim that Washington Mutual's reckless actions in connection with Plaintiffs' attempt to sell their home caused the buyers to back out of the deal. The Federal Deposit Insurance Corporation ("FDIC") stepped in and halted the proceedings because Washington Mutual is in receivership and the FDIC needed to review the claim first. After review, the FDIC disallowed the claim and informed Plaintiffs that, pursuant to 12 U.S.C. Section 1821, U.S. District Court is the proper court in which to file a lawsuit. The FDIC also informed Plaintiffs that the lawsuit must be filed within 60 days. Plaintiffs filed the instant action on November 16, 2009.

## II.  LEGAL STANDARDS

### A.  DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction... ." *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A district court may *sua sponte* raise the question of subject matter jurisdiction. *See Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D.Cal. 1998).

Where subject matter jurisdiction does not exist, the appropriate disposition is dismissal. *See* FED.R.CIV.PRO. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The only exception to this mandate of dismissal is when it would be in the interest of justice to transfer the action to another court in which the action could have been brought at the time it was filed. *See* 28 U.S.C. § 1631 ("Section 1631").

### B.  JURISDICTION UNDER THE FINANCIAL INSTITUTION REFORM, RECOVERY, AND ENFORCEMENT ACT OF 1989

The Financial Institutions Reform and Recovery Enforcement Act of 1989 ("FIRREA") governs actions against failed depository institutions that have been placed in receivership. *See* 12 U.S.C. §§ 1821(d)(3)-(13). FIRREA puts broad restraints on judicial review; once the FDIC is appointed as receiver, a claimant must submit a claim to the FDIC before a federal court has jurisdiction. *See Henderson v. Bank of New Eng.*, 986 F.2d 319, 321 (9th Cir. 1993).

Section 1821(d)(13)(D) provides that:

> "Except as otherwise provided in this subsection, *no court shall have jurisdiction* over-
>
> "(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver ... or
>
> "(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver." (Emphasis added.)

In section 1821(d)(6)(A), Congress limited the subject-matter jurisdiction of federal district courts to review administrative claims. Section 1821(d)(6)(A) provides:

> "Before the end of the 60-day period beginning on the earlier of-
>
>> "(i) the end of the [180-day period the Receiver has to make a determination on a claim]; or
>>
>> "(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),
>
>> "the claimant may request administrative review of the claim ... or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)."

Thus, after a claimant submits its claim directly to the appointed receiver of the failed institution–here the FDIC, and the receiver has completed its review of the claim, the claimant has 60 days to appeal the administrative decision by filing suit against the FDIC[1] in either the district court for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia, which are the only two courts that have jurisdiction over such appeals.

**III. DISCUSSION**

Under FIRREA, other than the United States District Court for the District of Columbia, the only court that has jurisdiction over Plaintiffs' appeal of the FDIC's disallowance of their claims is the United States District Court for the Western District of Washington. *See, e.g., Haller v.*

---

[1] The court notes that Plaintiffs did not name the FDIC in their complaint. However, Plaintiffs may still amend their complaint to add the FDIC as an additional Defendant.

*Washington Mut. Bank*, 2010 WL 551407, *3 (D.N.J. 2010) (finding that any appeal of the FDIC's disallowance of claims against Washington Mutual must be brought in either the Western District of Washington or the District of Columbia, because Washington Mutual's principal place of business is Seattle, Washington).

Because this court lacks jurisdiction over Plaintiffs' claims, it must either dismiss the case, or transfer it to a court in which the action could have been brought at the time it was filed. *See* FED.R.CIV.PRO. 12(h)(3); and 28 U.S.C. § 1631. It appears from the complaint that, at the time this case was filed, it could have been brought in either the Western District of Washington or the District of Columbia. Thus, transfer to one of those courts rather than dismissal appears to be warranted.

### IV. CONCLUSION

Plaintiffs filed this action in the wrong district court. Thus, absent a showing by Plaintiffs to the contrary, it appears transfer to either the Western District of Washington or the District of Columbia is warranted.

Dated: *4/15/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2  copies mailed on    4/15/10    to:
3  Steven Thompson
   Post Office Box 92214
4  Henderson, NV 89009
5  Aster Kifle-Thompson
   Post Office Box 92214
6  Henderson, NV 89009
7
8                                              /s/  Donna Kirchner         for
                                              MARTHA BROWN
                                              Courtroom Deputy
9